IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALEXANDER H. MAXWELL,

        Plaintiff,                    C.A. 06-1358

v.

CUNA MUTUAL GROUP ET AL,

        Defendant.

## ORDER OF COURT

AND NOW, this ___16th___ day of ___May___, 2007, it is hereby **ORDERED** and **DECREED** that the outstanding discovery disputes in this matter are hereby resolved as follows:

### Plaintiff's Requests:

1. Plaintiff's request for a certified copy of Defendant's Policy, including all updated endorsements applicable to the instant litigation is moot because Defendant has produced a certified copy of the Policy.

2. Plaintiff's request for Defendant's claim manuals, policy manuals, policy statement or other documents regarding the processing of claims for the calendar years 2000 to the present, including any changes or alterations to those manuals, statements or documents is denied because the Defendant does not maintain "manuals" regarding the handling of disability claims.

However, subject to Plaintiff's execution of Defendant's Confidentiality Stipulation, Defendant will produce for inspection and copying the relevant portions of its guidelines that may apply to the handling of disability claims and Defendant's Participant Handbook related to handling disability claims. (Confidentiality Stipulation, attached as **Exhibit A**.)

:48699.1

3. Plaintiff's request for all manuals education materials, and written instructions used for the training of Defendant's agents, adjusters, and other personnel who were involved in processing Plaintiff's policy and claim is denied.

4. Plaintiff's request for copies of all complaints filed with the insurance departments of any state by insured against the Defendant for claims involving disability benefits for the past ten (10) years is denied.

5. Plaintiff's request for the complete claim file pertaining to the claim of Alexander H. Maxwell from June 2000 to the present time is moot because Defendant has produced relevant, non-privileged documents from Plaintiff's claim file responsive to this request.

6. Plaintiff's request for the complete underwriting file pertaining to the above mentioned policy of insurance from 2000 to the present time is denied.

7. Plaintiff's request for any and all communication between the Pennsylvania Insurance Department and the Defendant relative to the disability insurance policy which is the subject of this lawsuit is denied.

8. Plaintiff's requests for a copy of the original application and any renewal application for disability insurance completed by or on behalf of the Plaintiff insured with the Defendant is denied as moot as Defendant has produced copies of Plaintiff's applications.

9. Plaintiff's request for the names and addresses and telephone numbers of all Defendant disability insurance insured's whose benefits have been terminated and who have appealed or filed lawsuits of the non-disability determination by the Defendant following the initial twelve month period of disability is denied.

10. Plaintiff's request for the caption of all lawsuits, including the court and assigned court case number, of all lawsuits files against the Defendant within the preceding ten years by insured's because their disability insurance benefits were terminated is denied.

11. Plaintiff's request to depose the "most knowledgeable person to testify on Defendant's behalf" regarding Plaintiff's file and "all documents and information requested in the Plaintiff's Request for Production of Documents" is granted.

However, said inquiries are limited to documents Defendant has already provided and that this Court has granted Plaintiff permission to obtain pursuant to the execution of Defendant's Confidentiality Stipulation.

### Defendant's Request

12. Defendant's request to obtain a physical and/or mental examination of the Plaintiff pursuant to Rule 35 is granted.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALEXANDER H. MAXWELL,

        Plaintiff,                  C.A. 06-1358

v.

CUNA MUTUAL GROUP ET AL,

        Defendant.

## CONFIDENTIALITY STIPULATION

The parties to the above-captioned action hereby agree to protect the confidentiality of the documents produced during discovery and stipulate as follows:

**WHEREAS**, Plaintiff, Alexander H. Maxwell, has instituted a lawsuit against the Defendant relative to Defendant's handling of his claim for credit disability insurance benefits;

**WHEREAS**, Plaintiff is desirous of obtaining certain material in the sole possession and control of the Defendant;

**WHEREAS**, the Defendant has alleged such documentation regarding claims manuals and documentation involving claims handling is confidential and proprietary and restricted;

:49003.1

EXHIBIT A

**NOW THEREFORE**, with the foregoing being incorporated by reference, it is HEREBY AGREED TO BY THE PARTIES:

1. That certain alleged proprietary and confidential documents and information to be produced by the Defendant in this case may be designated as "Confidential."

2. Such documents designated "Confidential" shall remain confidential without requiring Defendant to provide proof of the veracity of this contention.

3. Nothing in this agreement shall prevent either party from submitting any document covered by this agreement in this legal proceeding as either an exhibit to a document filed of record with the Court or presented in an evidentiary hearing; however, if any such documents must be filed, advance notice of no less than fourteen (14) days shall be provided to the other party, with the exception of any Motion for Summary Judgment and/or presentation of evidence at trial.

4. Documents governed by this agreement as of this date will be specifically marked as being "Confidential." Any documents not marked as such shall not be subject to or controlled by this agreement.

5. Documents treated as "Confidential" in accordance with this Agreement shall be used solely for the purpose of preparing for and conducting the above-captioned litigation. The parties shall not, without the consent of the producing party, or by Order of Court for good cause shown and after notice given to all parties disclose any Confidential Information to any person, except to (a) the Court; (b) deponents, to the extent reasonably necessary to aid such deponent while testifying during the course of depositions; (c) attorneys for the parties to this action; (d) support personnel assisting such attorneys in the preparation and trial of this litigation, including secretaries and paralegals; (e) federal, state or municipal civil, criminal, regulatory, administrative or law enforcement agencies,

including without limitation Departments of Insurance, Offices of the United States Attorney, the Department of Justice, Offices of the District Attorney or the Internal Revenue Services; (f) consulting and testifying experts; (g) investigators; (h) the officers, employees, or principals of a party who are actually assisting counsel in the consideration or prosecution of the claims, or the defense thereof, asserted in the instant action; and any reinsurers or auditors, as reasonably necessary. All persons receiving such materials other than those identified in subparagraphs (a), (b) and (e) above shall hold said materials in confidence and shall not make any disclosure thereof to persons not authorized by this Agreement to receive them or make any use of them outside this litigation. This Agreement in no way restricts the right of the persons or entities identified in subparagraphs (a), (b) and (e) above to make whatever use they deem appropriate of materials designated as "Confidential" pursuant to this Agreement.

6. This agreement may be executed in counterpart and the terms of this agreement do not in any way, waive objections parties might have to such documents being offered at any such evidentiary proceeding.

7. Within thirty (30) days after the conclusion of all aspects of this action, whether by settlement, judgment, or otherwise, all documents labeled "Confidential," including any copies thereof (other than exhibits of record), shall be returned to the party which produced such documents.

8. Nothing in this Confidential Agreement shall be construed to impair or impede the Plaintiff or his counsel from investigating the issues in this case or any necessary actions to prepare for Plaintiff's summary judgment motion and/or trial.

9. Agreeing to be bound by the above terms, counsel for the parties with full authority from their respective clients sign this Confidentiality Agreement below:

_____  By: _____
                                                        Daniel L. Rivetti, Esquire
                                                        Attorney for Defendant

_____  By: _____
                                                        Raymond Seals, Esquire
                                                        Attorney for Plaintiff


DONE AND ORDERED this _____ day of _____, 2007.


                                           _____J.