IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALEXANDER H. MAXWELL,

        Plaintiff,                                           C.A. 06-1358

v.

CUNA MUTUAL GROUP ET AL,

        Defendant.

## CONFIDENTIALITY STIPULATION

The parties to the above-captioned action hereby agree to protect the confidentiality of the documents produced during discovery and stipulate as follows:

**WHEREAS**, Plaintiff, Alexander H. Maxwell, has instituted a lawsuit against the Defendant relative to Defendant's handling of his claim for credit disability insurance benefits;

**WHEREAS**, Plaintiff is desirous of obtaining certain material in the sole possession and control of the Defendant;

**WHEREAS**, the Defendant has alleged such documentation regarding claims manuals and documentation involving claims handling is confidential and proprietary and restricted;

:49003.1

**NOW THEREFORE**, with the foregoing being incorporated by reference, it is HEREBY AGREED TO BY THE PARTIES:

1. That certain alleged proprietary and confidential documents and information to be produced by the Defendant in this case may be designated as "Confidential."

2. Such documents designated "Confidential" shall remain confidential without requiring Defendant to provide proof of the veracity of this contention.

3. Nothing in this agreement shall prevent either party from submitting any document covered by this agreement in this legal proceeding as either an exhibit to a document filed of record with the Court or presented in an evidentiary hearing; however, if any such documents must be filed, advance notice of no less than fourteen (14) days shall be provided to the other party, with the exception of any Motion for Summary Judgment and/or presentation of evidence at trial.

4. Documents governed by this agreement as of this date will be specifically marked as being "Confidential." Any documents not marked as such shall not be subject to or controlled by this agreement.

5. Documents treated as "Confidential" in accordance with this Agreement shall be used solely for the purpose of preparing for and conducting the above-captioned litigation. The parties shall not, without the consent of the producing party, or by Order of Court for good cause shown and after notice given to all parties disclose any Confidential Information to any person, except to (a) the Court; (b) deponents, to the extent reasonably necessary to aid such deponent while testifying during the course of depositions; (c) attorneys for the parties to this action; (d) support personnel assisting such attorneys in the preparation and trial of this litigation, including secretaries and paralegals; (e) federal, state or municipal civil, criminal, regulatory, administrative or law enforcement agencies,

including without limitation Departments of Insurance, Offices of the United States Attorney, the Department of Justice, Offices of the District Attorney or the Internal Revenue Services; (f) consulting and testifying experts; (g) investigators; (h) the officers, employees, or principals of a party who are actually assisting counsel in the consideration or prosecution of the claims, or the defense thereof, asserted in the instant action; and any reinsurers or auditors, as reasonably necessary. All persons receiving such materials other than those identified in subparagraphs (a), (b) and (e) above shall hold said materials in confidence and shall not make any disclosure thereof to persons not authorized by this Agreement to receive them or make any use of them outside this litigation. This Agreement in no way restricts the right of the persons or entities identified in subparagraphs (a), (b) and (e) above to make whatever use they deem appropriate of materials designated as "Confidential" pursuant to this Agreement.

6. This agreement may be executed in counterpart and the terms of this agreement do not in any way, waive objections parties might have to such documents being offered at any such evidentiary proceeding.

7. Within thirty (30) days after the conclusion of all aspects of this action, whether by settlement, judgment, or otherwise, all documents labeled "Confidential," including any copies thereof (other than exhibits of record), shall be returned to the party which produced such documents.

8. Nothing in this Confidential Agreement shall be construed to impair or impede the Plaintiff or his counsel from investigating the issues in this case or any necessary actions to prepare for Plaintiff's summary judgment motion and/or trial.

9. Agreeing to be bound by the above terms, counsel for the parties with full authority from their respective clients sign this Confidentiality Agreement below:

11/20/07

By: _____
Daniel L. Rivetti, Esquire
Attorney for Defendant

Nov. 19, 2007

By: _____
Raymond Seals, Esquire
Attorney for Plaintiff

DONE AND ORDERED this 20TH day of NOVEMBER, 2007.

_____